### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| TERESA WATSON, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | No. 4:24-cv-01021-SEP |
| DELAWARE NORTH, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM AND ORDER

Before the Court is self-represented Plaintiff Teresa Watson's motion to proceed *in forma pauperis*. Doc. [3]. Having reviewed the motion and supporting financial information, the Court finds that Plaintiff is unable to pay the costs associated with this action and will grant the motion and waive the filing fee. Nevertheless, for the reasons set forth below, this action is dismissed.

### STANDARD ON INITIAL REVIEW

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous or malicious, or if it fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. The Court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (court not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that, "if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered

within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir.2004)). But even pro se complaints must "allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone*, 364 F.3d at 914-15 (federal courts not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). And "procedural rules in ordinary civil litigation" need not be "interpreted so as to excuse mistakes by those who proceed without counsel." *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## THE COMPLAINT

Plaintiff—a Christian African-American woman—brings this action against her former employer, Delaware North. Doc. [1]. She asserts claims under Title VII of the Civil Rights Act (Title VII), the Age Discrimination in Employment Act (ADEA), and the Americans with Disabilities Act (ADA) for wrongful termination, failure to promote, disparate treatment, retaliation, and harassment. *Id*. She contends that Defendant discriminated against her based on her race, religion, color, disability, age, and sex. *Id*.

Plaintiff's Complaint, including attachments, spans over 200 pages and is difficult to comprehend. *Id*. She was hired by Defendant as a Guest Service Attendant on September 20, 2022. Doc. [1-3] at 1. Plaintiff alleges that after expressing interest in other positions within the company, she was told her only options were to remain in her current role or resign. *Id*. Despite applying for multiple internal positions, Plaintiff was never selected and asserts that Defendant provided incorrect and misleading information about these roles. *Id*. In October 2023, Defendant terminated Plaintiff for "job abandonment." *Id*. Plaintiff states that she did not abandon her position but was unable to work due to an injury sustained in July 2023. *Id*.

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on April 26, 2024. The EEOC issued a right-to-sue letter three days later. Docs. [1-2], [1-3]. For relief, Plaintiff seeks "all that is just and proper (and or greater)." Doc. [1].

## DISCUSSION

Plaintiff asserts claims under Title VII, the ADEA, and the ADA. The Court will address each in turn.

I.     Title VII

The purpose of Title VII is to ensure a workplace environment free of discrimination. *Ricci v. DeStefano*, 557 U.S. 557, 580 (2009). The Act prohibits "employer discrimination on the basis of race, color, religion, sex, or national origin, in hiring, firing, salary structure, promotion and the like." *Winfrey v. City of Forrest City, Ark.*, 882 F.3d 757, 758 (8th Cir. 2018) (cleaned up). To establish a Title VII discrimination claim, a plaintiff must show either direct evidence of discrimination or sufficient evidence to create an inference of discrimination under the *McDonnell Douglas* burden-shifting framework. *Blackwell v. Alliant Techsystems, Inc.*, 822 F.3d 431, 435 (8th Cir. 2016) (cleaned up). Because the prima facie model is not a pleading standard, a plaintiff need not set forth a detailed evidentiary proffer in a Title VII complaint. *Warmington v. Bd. of Regents of Univ. of Minnesota*, 998 F.3d 789, 796 (8th Cir. 2021) (cleaned up). Nevertheless, the plaintiff must still plead sufficient factual allegations to allow the court to reasonably infer that the defendant is liable for the alleged misconduct. *Iqbal*, 556 U.S. at 678.

Plaintiff, as an African-American, is a member of a protected class. *See Davis v. KARK-TV, Inc.*, 421 F.3d 699, 704 (8th Cir. 2005). But Plaintiff makes no factual allegations that allow the Court to infer that Defendant acted with discriminatory intent, and so she has not established the necessary nexus between Defendant's actions and her membership in a protected class. She states only that she is an "African-American, Christian . . . Female" in a "Protected Age Group." Doc. [1-3] at 1. Without more, Plaintiff's allegations of discrimination are mere legal conclusions. *See Iqbal*, 556 U.S. at 678. While she need not plead a complete prima facie case of discrimination, her allegations must rise above a speculative level. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). Because they do not, the Court finds that Plaintiff's Complaint fails to state a plausible claim under Title VII.

II.    The ADEA

"The ADEA prohibits employers from discriminating against any individual on the basis of age with respect to his or her compensation, terms, conditions, or privileges of employment." *Jankovitz v. Des Moines Indep. Cmty. Sch. Dist.*, 421 F.3d 649, 652 (8th Cir. 2005*)*. As with Title VII, to succeed on an ADEA claim, a plaintiff must show either direct evidence of discrimination, or evidence that is sufficient to create an inference of discrimination under the *McDonnell Douglas* burden shifting framework. *Blackwell*, 822 F.3d at 435.

Plaintiff alleges only that she is a member of the protected age group. Doc. [1-3] at 1. She provides no factual allegations showing that Defendant discriminated against her because of her age. Without factual support, her ADEA claim relies entirely upon legal conclusions. *See Iqbal*, 556 U.S. at 678. Thus, the Complaint fails to state a plausible claim under the ADEA.

### III.     The ADA

Title I of the ADA prohibits employment discrimination against qualified individuals with disabilities in the private sector. 42 U.S.C. § 12112. To succeed on an ADA claim, an employee must demonstrate: (1) a qualifying disability under the ADA, (2) the ability to perform essential job functions with or without reasonable accommodation, and (3) an adverse employment action due to the disability. *McPherson v. O'Reilly Auto., Inc.*, 491 F.3d 726, 730 (8th Cir. 2007). The ADA defines the term "disability" as: "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment[.]" 42 U.S.C. § 12102(1).

Plaintiff fails to allege that she has a disability within the meaning of the ADA. She states that she suffered a burn injury while preparing hot dogs and that she sustained a serious injury while riding her bicycle. Doc. [1-1] at 103, 118. She does not assert that these injuries substantially limited her ability to engage in major life activities. Even liberally construed, Plaintiff's allegations do not warrant an inference that Defendant discriminated against her based on a disability. Therefore, the Court finds that Plaintiff has not stated a plausible claim to relief under the ADA. *See Iqbal*, 556 U.S. at 678.

### CONCLUSION

For the foregoing reasons, the Court will grant Plaintiff's motion to proceed *in forma pauperis*, Doc. [3], but will dismiss this action without prejudice under 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Proceed In Forma Pauperis, Doc. [3], is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel, Doc. [4], is **DENIED** as moot.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice.  A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 26th day of March, 2025.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE